UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NICOLE MOULTON | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| NORTHSTAR LOCATION | ) | |
| SERVICES, LLC | ) | |
| Defendant | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Nicole Moulton, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiff, Nicole Moulton, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II. JURISDICTION**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District and maintains a registered office here.

### III. PARTIES

4. Plaintiff, Nicole Moulton, is an adult natural person residing at 1 Franklin Blvd., Somerset, New Jersey 08873.

5. Defendant, Northstar Location Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of New Jersey with a registered office located at 820 Bear Tavern Road, Ewing, NJ 08628 and a principal office at 4285 Genesee Street, Cheektowaga, NY 14225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or around August 12, 2009, Plaintiff received a telephone call from Defendant's agent while she was at work. Defendant asked for "Nicole" but did not specify a last name. Plaintiff's call was taken by a co-worker who is also named "Nicole".

8. Defendant's agent who did not give his name began to discuss Plaintiff's debt for her repossessed car before it was discovered he had the wrong person.

9.     Plaintiff got on the line and asked Defendant why he had not confirmed whether he was speaking to the right person and that he had embarrassed her by discussing her personal debt.  Agent for the Defendant told Ms. Moulton that he did not have to confirm that he had the right "Nicole" and that she was just looking for a way to "worm out" of paying her bills.

10.    Agent at no time during the call gave Plaintiff the Mini-Miranda.

11.     Defendant's agent demanded payment of $10,000.00, that was still due on Plaintiff's car that was repossessed in November of 2008.

12.     Plaintiff tried to explain that she did not have that kind of money, and could they work out a payment plan, agent asked her if she cared at all about her credit, because he was going to ruin it.

13.     Plaintiff explained that she didn't understand since she had gone her entire life without credit because she was new to this country.  Defendant's agent shot back, "Oh so you're here illegally?"

14.     Although, Plaintiff informed agent that she had the proper working papers to be in this country the Defendant went on to tell Ms. Moulton that if she did not pay her debt, that he was going to have her deported.  Plaintiff became fearful and ended the call.

15.     To date Plaintiff has never received any written correspondence from Defendant.

16.     Defendant by and through their agents continue to call Plaintiff every day.  Ms. Mouton does not answer any of the calls.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), c(a)(1), c(b), d, d(2), d(5), d(6), e, e(2), e(4), e(5), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Northstar Location Services, LLC for the following:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. § 1692k;

    d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  August 19, 2009            BY:   _/s/  Bruce K. Warren_
                                  Bruce K. Warren, Esquire

                                   _/s/  Brent F. Vullings_
                                  Brent F. Vullings, Esquire

                                  Warren & Vullings, LLP
                                  1603 Rhawn Street
                                  Philadelphia, PA  19111
                                  215-745-9800    Fax 215-745-7880
                                  Attorney's for Plaintiff